## FLORIDA DRY CLEANING & LAUNDRY BOARD v. NATIONAL LINEN SERVICE CORPORATION.

183 So. 162.
En Banc.
Opinion Filed July 27, 1938.

*Harry T. Gray, W. McL. Christie, W. H. Beckham, Walsh, Beckham & Ellis* and *Marks, Marks, Holt, Gray & Yates,* for Appellant;

*Joseph M. Glickstein, George C. Bedell* and *Chester Bedell,* for Appellee.

TERRELL, J.—Appellee, as complainant, filed its bill of complaint in the Circuit Court praying that Appellant as defendant be restrained from exercising any authority or jurisdiction over it pursuant to Chapter 17894, Acts of 1937. Answer to the bill was filed and on final hearing after evidence was taken, the relief prayed for was granted. This appeal is from the final decree.

The primary question raised is whether or not Appellee's business is covered by and regulated under Chapter 17894, Acts of 1937.

Appellee is a Delaware Corporation authorized to transact business in Florida and has for many years been engaged in the linen supply business, that is to say, it furnishes its own linens which it rents to hotels and other institutions for compensation. It is not in the dry cleaning business nor is it in the laundry business except to launder its own linens which it rents.

From all the record discloses, the linen supply business has no relation whatever to the Dry Cleaning or the laundry business. The title of Chapter 17894, Acts of 1937, does not by inference or otherwise mention the linen supply business and we find nothing in the title to put one on notice that it was intended to cover that business.

We have not overlooked the fact that the body of the Act assailed mentions the linen supply business but Section 16 of Article III of the Constitution of Florida, requires that the title be an index to the contents of the Act in that it must be sufficient to put the lay mind on notice thereof. The title here falls far short of that requirement.

The chancellor was accordingly correct in holding that Chapter 17894, Acts of 1937, did not apply to the linen supply business. In view of this conclusion, it becomes unnecessary to discuss other questions raised, though they

have in the main been answered by our opinion filed this date in Miami Laundry Company v. Florida Dry Cleaning and Laundry Board, *et al.*

The decree below is affirmed.

Affirmed.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN, J., concur in the conclusion.